IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 20, 2007

**STATE OF TENNESSEE v. LAVON LYN NUNNERY**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-53814      Don R. Ash, Judge**

**No. M2006-01198-CCA-R3-CD - Filed July 10, 2007**

The defendant, Lavon Lyn Nunnery, appeals from the judgment of the Rutherford County Circuit Court, revoking his probation and imposing service of eight months in confinement followed by two years of probation. In this appeal, the defendant argues that the state's inclusion of waiver language in his probation order violates Tennessee statute and that the trial court erred in revoking his probation and ordering split confinement. Following our review of the record, parties' briefs and the applicable law, we determine no error exists in the court's revocation of probation, and thus affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and THOMAS T. WOODALL, J., joined.

Tony L. Maples (on appeal and at trial), and James Smith (at trial), Murfreesboro, Tennessee, for the appellant, Lavon Lyn Nunnery.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the defendant pled guilty to aggravated assault with a deadly weapon. Thereafter, on May 16, 2003, the defendant was sentenced to three years, suspended on supervised probation. Approximately three months later, the defendant violated his probation; whereupon, the trial court ordered the defendant to serve forty-five days in confinement and extended the defendant's

probation to three years.[1]  Included as part of the conditions of the defendant's extended probation was a clause stating that the "defendant agrees that on any further violation[,] he will waive application [and] serve sentence."

On May 31, 2005, a probation violation warrant was issued alleging that the defendant violated the terms of his probation after being arrested and charged with an assault.  Thereafter, a probation revocation hearing was held on October 31, 2005.  At the hearing, the defendant's probation supervisor, Jennifer Brittain, testified that the defendant had complied with all the conditions of his probation except for being charged with assault.  Ms. Brittain noted that the defendant had not been convicted of the assault.  Next, Larry Drummond, the alleged victim of the assault, testified as to the facts underlying the assault charge.  According to the victim, he and his family were outside talking to some neighbors when the defendant "brought his pit bull out and proceeded to tell the dog to sic 'em."  The defendant had the pit bull on a leash, but the victim felt threatened because the dog was pulling on the leash.  The victim asked the defendant "not to do that," and the defendant responded, " [y]ou don't know how bad I want to let this dog go."  The victim observed that the defendant had a beer bottle in his hand.  The victim also noted that the pit bull had been known to attack other dogs and that a year before the pit bull had "come after me and my children . . . when we were walking down the street. . . . I had [to] hit the dog with a . . . full Pepsi can."

At the conclusion of the victim's testimony, the trial court determined it would continue the probation revocation hearing until after the defendant went to trial on the assault charge.  On April 16, 2006, the probation revocation hearing continued.  At this hearing, Ms. Brittain testified that the defendant had been given probation after being convicted of an aggravated assault.  As part of the conditions of his probation, the defendant agreed that upon any future violation he would serve out the remainder of his sentence and waive application for suspended sentence.  The defendant violated the terms of his probation by committing an assault.  Ms. Britain also noted that the defendant had "maintain[ed] all [the] terms and conditions of probation" except for the new conviction for simple assault.

The defendant admitted that he had been found guilty of the assault after a bench trial.  However, the defendant claimed that he was going to appeal the verdict.  The defendant also insisted that he "did not assault anybody."  Referring to the terms of his probation agreement, the defendant stated that he signed the agreement because "that's the only way I was going to get out of jail. . . . It's my understanding the only option I was given was to sign the paper and do 45 days and get out back on probation."  The defendant's wife, Melissa Nunnery, testified that her husband never told the pit bull to "sic 'em."  Rather, the defendant and her son took the dog for a walk with a harness and a leash.  However, Mrs. Nunnery admitted that the defendant had recently been convicted of the assault.

---

[1]  We glean this information from the "Violation of Probation Order" included in the record.

At the conclusion of the hearing, the state argued that the defendant should serve out his sentence because the "defendant has agreed that if he had any future violations, which include this violation, he would serve out his sentence." The defense counsel argued *inter alia* that the inclusion of the language waiving application of probation in the probation agreement violated state statute and public policy favoring alternative sentencing. The defense counsel also requested that the court give the defendant "some term less than the entire sentence."

The trial court then made the following findings:

Under 40-35-311(e) I'm to look at preponderance of the evidence whether or not this violation took place. And I have a transcript of the hearing I think where the alleged victim testified the first time. I'll go ahead and make that Exhibit Number 1. Has there been sufficient proof of a probation violation to allow a conscious and intelligent judgment? I'm going to find, yes, there was. Has the State presented some factual evidence sufficient to support the charged violation? I'm going to find, yes, they have. He has been convicted . . . . And I'm going to find that his conduct in regard to this animal based upon the testimony that happened on October 31st plus the testimony that he has in fact violated his probation. So once that's made then my options are serve the original sentence or a lesser sentence of the entire probationary term beginning anew or service of the probationary period then extend it for up to an additional two years. What I'm going to do, sir, is I'm going to grant you an alternative sentence. I'm going to make you do eight months on this. And then you'll be released on probation. And then I'm going to extend your probation two years from the time of your release.

**I.**

Initially, we note that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated a condition of that sentence. *See* Tenn. Code Ann. §§ 40-35-310, 311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this appeal, the defendant argues that the inclusion of the provision – that the defendant waive future application for probation if he violates the terms of his probation – contravenes Tennessee statute and public policy favoring alternative sentencing. Oddly, however, the defendant does not cite to any sentencing statute; but rather, the defendant cites a civil statute setting forth

conditions on the authority to confess judgment.[2] The defendant submits that the trial court's consideration of this waiver provision was improper. The defendant also argues that the court improperly enhanced his sentence considering the evidence presented at the hearing.

We begin our review by noting our own reservations regarding the state's incorporation of this waiver clause in the defendant's probation agreement. First, it appears that the incorporation of this clause may be an unreasonable condition of probation in that it places a tremendous amount of pressure upon a defendant to capitulate to the condition in exchange for his or her liberty. *See e.g.*, Tenn. Code Ann. § 40-35-303(d)(9). Second, the execution of this waiver clause may operate to minimize the state's burden of proof. Clearly, the state must prove a violation of probation by a preponderance of the evidence. *See id*. § 40-35-311(e). Finally, the execution of this waiver clause may operate to deny the defendant the right to appear at a hearing and present evidence in his own behalf. *See id.* 40-35-311(b); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Nonetheless, we need not reach the merits of this issue because the record clearly reflects the trial court scrupulously followed the revocation procedures set forth in Tennessee Code Annotated section 40-35-311.

Indeed, the record reflects that the defendant was convicted of a simple assault after threatening to "sic" his pit bull on a neighbor. Based upon this conviction, the trial court found that the defendant violated a condition of his probation. In accordance with Tennessee statute, the court revoked the defendant's probation and ordered the defendant to serve eight months followed by an extended probationary period of two years. *See* Tenn. Code Ann. §§ 40-35-308(c), -310, -311; *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Accordingly, we perceive no abuse of discretion by the trial court in revoking the defendant's probation and ordering him to serve eight months in confinement followed by probation of two years. The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE

---

[2] The defendant cites Tennessee Code Annotated section 25-2-101, which states:

> (a) Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void; and any judgment based on such power of attorney or authority is likewise declared void.

> (b) This section shall not affect any power of attorney or authority given after an action is instituted and after the service of process in such action.